Parker C. J.
delivered the opinion of the Court. The general principle is, that where one claims under a deed or other instrument used in the conveyance of real estate, which appeal's on the face of it to have been executed by virtue of a power from the grantor, the power, or an authenticated copy of it, should be produced in evidence to support the deed, in order that it may be seen whether there was authority for the act, to the extent to which it is performed. But the same principles by which deeds may be admitted in evidence without proof of their execution, may be applied to the power under which it purports to be executed. In either case the deed is prima facie evidence of title, if possession of the premises purported to be granted has been taken and continued under the deed.[1] 2It has been held, however, and I think justly, in New York, that this indulgence of the law, if it may be so called, is founded on the supposed loss, by death, of the regular evidence to prove the execution of a will or deed. So that if a subscribing witness be alive, he shall be called to prove the deed, although it be more than thirty years old. Jackson v. Blanshan, 3 Johns. R. 292.[2] By analogy to this doctrine, if a power be recorded, so that the evidence is perpetuated, there can be no reason for admitting the deed without the power, however ancient it may be, for there is certain proof to be obtained, for which a mere presumption ought not to be substituted. For the presumption is of an authority co-extensive with the act; whereas the power may show a limited or particular authority which has been transgressed; and then the case would stand upon a *170 presumption contrary to the fact, which fact it is entirely within the power of the party to prove.
The case before us is of a grant from the legislature by a committee. The authority must necessarily have been ex pressed and defined by a legislative act, which must of course be a matter of record, and the presumption is that the record exists, there being no evidence of any search for it in its proper place.
The plaintiff’s case stood well enough without that deed, provided the other objections raised at the trial cannot be sustained, and we are clear they cannot. The book of the proprietors was properly admitted in evidence, being traced down from the grandfather of the witness who produced it; the presumption from lapse of time being that he had the lawful custody of it; and there being no evidence of the present existence of the proprietary with a clerk to keep the books and records, and there being no place appointed by law for the deposit of such books when a proprietary becomes extinct.[1] The title being deduced from the proprietors to Robins and from him to Dwight, and the location being made to Dwight of the lot in question, he became seised in virtue of that location, the lands being wild, and no actual use of them being common, for a considerable time after the title is acquired. A seisin in law descended to the children of Dwight, under whom the demandant claims ; so that the question raised at the trial properly occurred, whether they were seised in fact, when they made their several deeds.
The acts of King at their request we consider a sufficient entry to give them a legal possession of land, the lawful title to which was in them by descent. He was requested “ to look up the land for them.” He took a surveyor with him, and having found the lot which agreed with the description in the location, he surveyed and took possession of it for them, as he testifies. It is objected that he made no declaration of his purpose, or of the authority under which he acted. Now if any one had been on the premises claiming the land by adverse title or possession, such declaration might be neces *171 sary ; but it does not appear that it was occupied, or that any one was within hearing ; so that a declaration would have been vox et preterea nihil. Lex non cogit ad vana sen inutilia.[2] Four or five acres of the land on which King entered were cleared and fenced, but the case does not present any evidence of the time when the fence was built or the land cleared ; and it ought not to be presumed that these acts had been done twenty years before, for the burden of proof was on the defendant to show a disseisin long enough continued to toll the right of entry.
But as the deed was admitted after objection of the wans of evidence of the power, and as the judge placed the basis of the demandant’s right upon that grant to the proprietors, we are ignorant what stress was laid on that evidence by the jury, in considering the weight of evidence upon the other points. We are therefore of opinion, that there must be a new trial, and we have answered the other objections with a view to present to the defendant the difficulties he will have to encounter, if he should continue his defence to the acton.

 See 1 Stark. Ev. (5th Amer. ed.) 332, n. (1), and cases there collected; Waldron v. Tuttle, 4 N. Hamp. R. 371.

 But see Henthorn v. Shepherd, 1 Blackford 162; Jackson v. Christman, 4 Wendell, 277.

 See 1 Stark. Ev. (5th Amer. ed.) 202, 203.

 An entry into land to defeat a disseisin should be with, that intention, sufficiently indicated either by the act or by words accompanying it. Robison v. Smelt 3 Greenl. 316.